CHAISSON, J.,
concurs with reasons.
|TI agree with the majority opinion in this matter except insofar as the finding that defendants failed to preserve the excluded evidence and thereby waived appellate review of the trial court’s rulings. La. C.C.P. art. 1636(A) provides: ‘When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence (emphasis added).” Thus, in order to properly proffer the excluded evidence, the aggrieved party must make known to the court the substance and/or nature of the evidence. I am of the opinion that the record is clear that defendants made known to the trial court that the evidence sought to be introduced is evidence of plaintiffs prior drug conviction and his narcotic medication concerns and drug seeking behavior. Defendants therefore properly reserved for appellate review the trial court’s rulings excluding this evidence.
After reviewing these issues, I am of the further opinion that the trial court did not abuse her discretion in excluding this evidence as being more prejudicial than probative. Therefore, I would affirm her rulings on the exclusion of this evidence.